IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. SHATHA LITISSER JONES

**Appeal from the Circuit Court for Madison County
No. 02-428    Roy B. Morgan, Jr., Judge**

_____

**No. W2002-02697-CCA-R3-CD  - Filed July 14, 2003**

_____

The defendant, Shatha Litisser Jones, pled guilty in the Madison County Circuit Court to theft of property valued more than five hundred dollars but less than one thousand dollars, a Class E felony. The length and manner of service of her sentence were to be determined by the trial court, which sentenced the defendant as a Range I, standard offender to two years in the Department of Correction. The defendant appeals, claiming that her sentence is excessive and that she should have received probation or another sentence involving no confinement. We affirm the trial court's judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Michael D. Rasnake, Jackson, Tennessee, for the appellant, Shatha Litisser Jones.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the defendant's theft of clothes from a department store on March 8, 2002. At the sentencing hearing, the defendant testified that she and her husband went to Sears in order to buy him a suit. She said that he had gotten out of prison recently and that he needed the suit for church. She said that while they were in the store, her husband took a shopping bag and asked her to help him put clothes in the bag. She said that she told him, "Well I don't feel good about this" but that she held the bag for him while he put clothes in it. She said that she told him, "Well you're on your own from here" and that she walked away from him. She said that her husband was stopped as he tried to leave the store and that she told him, "You're caught. Go back in." She said that Sears recovered the clothes and that the clothes were not damaged.

The defendant testified that at the time of the sentencing hearing, her husband was in jail and she had six children who were fourteen, thirteen, eleven, ten, nine, and six years old. She said that no one helped her take care of her children and that she would lose them if the trial court sent her to jail. She said that she had a prior conviction for possession of cocaine and that she had served an eight-year probationary sentence for that crime. She said that she had been working at Poly One Rubber Compounding for three weeks and that she planned to get an associate degree in computer operations from Tennessee Technical Center. On cross-examination, the defendant acknowledged that a videotape showed her holding the bag open for her husband while he put "stacks" of clothes in it. She also acknowledged having other convictions and committing those crimes while she was on probation for her possession of cocaine conviction.

Pastor Jay Denar Williams testified that the defendant had been a member of his church for four to five years and that she had tried to change her life. He said that the defendant did not have anyone to help her take care of her children and that he would help her if the trial court sentenced her to probation or community corrections.

Kensha Henderson testified that the defendant was her friend and a member of her church. She said that although the defendant had committed crimes, the defendant was a good person and had done volunteer work for a support group for pregnant teenagers. She said that the defendant's husband, not the defendant, intended to steal the clothes from Sears. She said that the trial court should have mercy on the defendant because the defendant had six children to support.

According to the presentence report, the then twenty-nine-year-old defendant dropped out of high school in the tenth grade but obtained her GED. In the report, the defendant stated that she suffers from asthma and takes several medications. She also stated that she did not abuse drugs or alcohol and that she had never received any psychiatric treatment. In addition to working at Poly One, the report shows that the defendant worked at Tyson Foods for three months, the Huddle House Restaurant for two months, and Airtrans for six months. The report reveals that the defendant has a 1992 felony conviction for possessing more than one-half gram of cocaine and that she received an eight-year sentence with sixty days to be served in jail and the remainder on probation. The report also reveals that the defendant has prior misdemeanor convictions for three counts of theft of property valued less than five hundred dollars, two counts of driving with a suspended license, and one count of violating the bad check law. The report shows that all but one of those crimes were committed while the defendant was on probation for the 1992 felony conviction. According to the report, a probation revocation hearing was held in 1994, the defendant was found to have violated the terms of her 1992 probation behavior contract, and she was ordered to serve an additional forty-five days in jail.

In sentencing the defendant, the trial court stated that the presumptive sentence for a Range I offender convicted of a Class E felony is one year. See Tenn. Code Ann. § 40-35-210(c); see also Tenn. Code Ann. § 40-35-112(a)(5) (providing that the range of punishment for a Range I offender convicted of a Class E felony is one to two years). It applied two enhancement factors: (1), that the defendant has a previous history of criminal convictions in addition to those required to establish the

appropriate range, and (8), that the defendant "has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community." See Tenn. Code Ann. § 40-35-114(1), (8) (Supp. 2001) (amended 2002).[1]  In mitigation, the trial court considered that the defendant's "criminal conduct neither caused nor threatened serious bodily injury," that the defendant had successfully completed probation in the past, and that Sears recovered the stolen property undamaged.  See Tenn. Code Ann. § 40-35-113(1), (13).  The trial court stated that the enhancement factors outweighed the mitigating factors and noted that although the defendant had been sentenced to "shock incarceration" before, it had failed to stop her from committing crimes. The trial court sentenced the defendant to two years and ordered that she serve her entire sentence in confinement.

The defendant claims that her two-year sentence is excessive.  Specifically, she argues that the mitigating factors outweighed the enhancement factors and that the trial court improperly applied enhancement factor (8) regarding her unwillingness to comply with the conditions of a sentence involving release into the community because the state failed to prove that her 1992 probationary sentence had been revoked.  In addition, she argues that the trial court failed to make any findings regarding her request for a sentence without confinement.  The state claims that the trial court properly sentenced the defendant.  We agree with the state.

When a defendant appeals the length and manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct.  Tenn. Code Ann. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  The burden is on the appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant.  Ashby, 823 S.W.2d at 169 (citing Tenn. Code Ann. § 40-35-103(1)(A)-(C)).  Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation.  Tenn. Code Ann. § 40-35-103(5).

---

[1] The legislature's 2002 amendment to Tenn. Code Ann. § 40-35-114 added as the new enhancement factor (1) that the "offense was an act of terrorism" but changed the existing enhancement factors only in increasing their designating number by one.

Initially, we note that any evidence presented at the guilty plea hearing should be considered in determining the appropriate sentence. <u>See</u> Tenn. Code Ann. § 40-35-210(b)(1). However, the defendant has failed to include in the record on appeal a transcript of the guilty plea hearing relating to her conviction. It is the duty of the defendant to prepare a fair, accurate, and complete record on appeal to enable meaningful appellate review. T.R.A.P. 24. This court notes that failure to include the transcript of the guilty plea hearing in the record prohibits the court's conducting a full <u>de</u> <u>novo</u> review of the sentence under Tenn. Code Ann. § 40-35-210(b). In any event, the record before us supports the trial court's determination relative to the defendant's criminal history and inability to comply with the requirements of a former probation. Therefore, we conclude that the defendant has failed to show that the length of her sentence is excessive or that the trial court erred by ordering her to serve her sentence in confinement.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE